IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES FRAZIER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2204-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Frazier, a Texas prisoner, has filed an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be transferred

to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1992, petitioner was convicted of possession with intent to deliver heroin. Punishment,

enhanced by two prior felony convictions, was assessed at 75 years confinement. His conviction and

sentence were affirmed on direct appeal. *Frazier v. State*, No. 05-92-01486-CR, 1994 WL 696014

(Tex. App.--Dallas, Dec. 8, 1994, no pet.). Petitioner also sought post-conviction relief in state and

federal court. One state writ was denied without written order on the findings of the trial court. *Ex

parte Frazier*, WR-20,279-02 (Tex. Crim. App. Jan. 17, 1996). A subsequent state writ was

dismissed for abuse of the writ. *Ex parte Frazier*, WR-20,279-04 (Tex. Crim. App. Dec. 22, 2010).

Petitioner's federal writ was denied on the merits. *Frazier v. Director, TDCJ*, No. 3-97-CV-0127-G

(N.D. Tex. May 8, 1997), *COA denied*, No. 97-10608 (5th Cir. Nov. 7, 1997), *cert. denied*, 118 S.Ct.

1818 (1998).

Undeterred, petitioner now returns to federal court for a second time.  In his most recent

filing, petitioner contends that the prosecutor failed to disclose favorable evidence and his conviction

was the result of false testimony.  Before addressing these claims, the court must determine whether

petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the

circumstances under which a state prisoner may file a successive application for federal habeas relief.

*See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214

(1996).  A claim presented in a second or successive application under section 2254 must be

dismissed unless:

> (A)    the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been
> discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2244(b)(2).  That determination must be made by a three-judge panel of the court of

appeals before petitioner files his application in federal district court.  *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner should not be permitted to file a second or successive application for writ of habeas corpus without the approval of a three-judge panel of the court of appeals. Rather than dismiss this case, the application should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-3-